FILED

November 02, 2017

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 9:30 A.M.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | |
|---|---|
| Giovanna Meier | ) Docket No.   2015-02-0179 |
| | ) |
| v. | ) State File No. 42423-2015 |
| | ) |
| Lowe's Home Centers, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims, | ) |
| Brian K. Addington, Judge | ) |

---

**Affirmed and Certified as Final – Filed November 2, 2017**

---

The employee alleges suffering injuries to her knee and back when she picked up bags of concrete while working for her employer.  Following an expedited hearing, the trial court determined the employee had not presented sufficient proof to establish she would likely prevail at trial in proving a compensable injury and declined to award benefits.  The employee appealed, and we affirmed.  The parties proceeded to trial, and the trial court again declined to award benefits, concluding the employee had not shown by a preponderance of the evidence that her injuries arose primarily out of and in the course and scope of her employment.  The employee has again appealed.  We affirm and certify the trial court's order as final.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

George Todd East, Kingsport, Tennessee, for the employee-appellant, Giovanna Meier

Jess Maples, Knoxville, Tennessee, for the employer-appellee, Lowe's Home Centers, Inc.

1

# Memorandum Opinion[1]

This is the second appeal of this case. In the first appeal, we set out the relevant facts as follows:

> Giovanna Meier ("Employee") alleges that she suffered an injury to her back on April 27, 2015, when she transferred bags of concrete from one cart to another while working for Lowe's Home Centers, Inc. ("Employer"). She described a twisting motion, followed by a pop in her knee. Employee offered conflicting information regarding whether she felt immediate pain but, in any event, she did not seek medical treatment that day. According to the trial court's order, Employee testified she and her husband were on their way to the emergency room to have her injury evaluated the next day when she asked her husband to stop at a store for a loaf of bread. She testified that when she bent over to retrieve the bread from a shelf, she felt intense pain. She proceeded to the emergency room and was evaluated.
>
> Employer denied the claim as not arising out of the employment, and Employee filed a petition for benefit determination. Following an expedited hearing, the trial court determined there was insufficient medical proof to establish a causal link between the employment and the purported injury. The trial court noted that Employee initially reported a knee injury and later claimed a back injury. The court denied relief and Employee appealed.

*Meier v. Lowe's Home Centers, Inc.*, No. 2015-02-0179, 2016 TN Wrk. Comp. App. Bd. LEXIS 30, at *1-2 (Tenn. Workers' Comp. App. Bd. July 27, 2016).

On appeal, we affirmed the trial court's denial of benefits, noting the absence of a transcript of the expedited hearing or a statement of the evidence. Consistent with established Tennessee law, we presumed the trial court's factual findings were supported by sufficient evidence and upheld the trial court's decision. *Id.* at *3-4.

The parties proceeded to trial, and Employee attempted to offer expert medical proof via a Standard Form Medical Report (Form C-32) from Dr. Richard Duncan. However, the trial court excluded that evidence and accompanying documents because the report did not contain a statement of the physician's qualifications or a supporting

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

2

affidavit.[2]  Although Employee requested that the trial court take judicial notice of Dr. Duncan's qualifications, the trial court declined to do so.

Following the trial, the court entered an order declining to find the claim compensable, explaining that Employee's testimony was inconsistent with the history Dr. Duncan set out in his records review.  In addition, the trial court noted that Employee had informed neither Dr. Duncan nor Dr. Benjamin Knox (who had treated her knee complaints) of the incident that occurred when she stopped to buy bread on the way to the emergency room.  The trial court concluded that, as Dr. Duncan was unaware of that incident, he could not have considered all causes in rendering his causation opinion as required by Tennessee Code Annotated section 50-6-102(14)(D).  Because Employee failed to meet her burden of establishing a compensable injury, the trial court declined to award benefits.  Employee has appealed.

Employee raises two issues in her brief: (1) whether the trial court erred in "speculating" if Dr. Knox and Dr. Duncan considered all causes in rendering their causation opinions, and (2) whether the trial court erred in excluding Dr. Duncan's C-32 report.  Employer responds that Employee's brief does not comply with Rule 27 of the Tennessee Rules of Appellate Procedure,[3] and that the trial court did not err in concluding Employee had failed to carry her burden of proof in establishing a compensable injury or in excluding Dr. Duncan's C-32 report.

**A.**

As an initial matter, we note that Employee has requested that we grant permission to appeal the trial court's decision.  However, a party seeking to appeal a trial court's decision to this Board need only timely file a notice of appeal and, assuming the appeal is properly perfected, we must resolve the appeal.  *See* Tenn. Code Ann. § 50-6-

---

[2] A "party may introduce direct testimony from a physician through a written medical report" that "shall be signed by the physician making the report bearing an original signature."  Tenn. Code Ann. § 50-6-235(c)(1).  However, "[a] reproduced medical report that is not originally signed is not admissible as evidence unless accompanied by an originally signed affidavit from the physician or the submitting attorney verifying the contents of the report."  *Id.*  In addition, "[a]ny written medical report sought to be introduced into evidence shall include within the body of the report or as an attachment a statement of qualifications of the person making the report."  *Id.*

[3] By their own terms, the Tennessee Rules of Appellate Procedure apply to proceedings before the Supreme Court, Court of Appeals, and Court of Criminal Appeals.  Tenn. R. App. P. 1.  Thus, while we may look to these rules for guidance, we are not governed by them.  *Morgan v. Macy's*, No. 2016-08-0270, 2016 TN Wrk. Comp. App. Bd. LEXIS 39, at *25 (Tenn. Workers' Comp. App. Bd. Aug. 31, 2016) ("Although the Tennessee Rules of Appellate Procedure are not binding on us, they are persuasive authority and we may resort to them for guidance."); *Yarbrough v. Protective Services Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *12 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016) (The rules of appellate procedure, "while instructive, do not control the appellate process before this Board.").

217(a)(2)(A) (2016).  In other words, an appeal to this Board is an appeal as of right, not a discretionary appeal as Employee suggests.  Thus, although Employee has moved for "permission to appeal," it is unnecessary for us to grant such permission.

**B.**

In its analysis of the case, the trial court made clear that it had considered the testimony of Employee and her husband from the expedited hearing, as well as Employee's testimony at the compensation hearing.  Although a transcript of the compensation hearing has been provided, a transcript of the expedited hearing has not.  Nor was it provided in the appeal of the expedited hearing order so as to be a part of that record.  Thus, the record before us does not contain all the testimony considered by the trial court, which impairs our ability to conduct a meaningful review of the court's assessment of that proof.  Without a transcript of the expedited hearing, we have no way of knowing the nature of the testimony presented to and considered by the trial court and must, therefore, presume that the trial court's decision was supported by sufficient evidence.  *See Vulcan Materials Co. v. Watson*, No. M2003-00975-WC-R3-CV, 2004 Tenn. LEXIS 451, at *7 (Tenn. Workers' Comp. Panel May 19, 2004) ("In the absence of an adequate record on appeal, this Court must presume the trial court's rulings were supported by sufficient evidence.").[4]

Aside from not having a complete record to review the trial court's assessment of the evidence, Employee has failed to make a meaningful argument regarding the issues raised on appeal.  In her recitation of the issues contained in her brief, Employee makes conclusory statements asserting the trial court erred in its disposition of the case.  Moreover, the entirety of the "Argument" section of Employee's brief consists of a single sentence, i.e., "[f]or the aforementioned reasons employee submits that [she] has carried the burden for a compensable work related claim consistent with the alternate finding[s] of the trial judge."  As stated by our Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010).  Employee's argument summarily declaring that she should prevail is skeletal at best.  *See Gomez v. Sable-Imagination on Sand*, No. E2017-00107-COA-R3-CV, 2017 Tenn. App. LEXIS 718 (Tenn. Ct. App. Oct. 26, 2017).

---

[4] The trial court stated at the compensation hearing that, "as far as previous exhibits and the previous recording from the Expedited Hearing that will be made part of this record, okay?"  Notwithstanding the trial court's comment, the recording of the expedited hearing is not included in the record on appeal and does not appear in a listing of exhibits contained in the trial court's order.

## C.

Aside from these deficiencies, we note that in order to establish a compensable injury, Employee was required to prove she suffered an injury by accident arising primarily out of and in the course and scope of her employment. Tennessee Code Annotated section 50-6-102(14) (2016). An injury arises primarily out of and in the course and scope of the employment when the preponderance of the evidence shows that the "employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B). Further, "[a]n injury causes death, disablement or the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C). "'Shown to a reasonable degree of medical certainty' means that, in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility." Tenn. Code Ann. § 50-6-102(14)(D).

Employee asserts, with no explanation, that the trial court improperly "speculated" as to information considered by the physicians in rendering their causation opinions. However, she has pointed to nothing in the record that would suggest Doctors Duncan and Knox did, in fact, consider the incident in the store in forming their opinions or that they were even aware of the incident when addressing causation. Employee has directed us to nothing that would suggest the trial court's evaluation of the physicians' opinions was incorrect.

Employee also maintains that the trial court erred in excluding Dr. Duncan's C-32 report because she "substantially complied" with the statutory requirements governing such reports. However, she has cited no authority establishing that substantial compliance is sufficient to render the report admissible or even how she substantially complied. Moreover, Employee has failed to provide any argument or explanation as to how the trial court abused its discretion in declining to take judicial notice of Dr. Duncan's credentials and excluding his report. A trial court's decision regarding the admission or exclusion of evidence is reviewed for an abuse of discretion, *see Sanford v. Waugh & Co.*, 328 S.W.3d 836, 847 (Tenn. 2010), and we find no such abuse here.

The trial court's decision is affirmed and its June 20, 2017 order is certified as final.

5



**FILED**

**November 02, 2017**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 9:30 A.M.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Giovanna Meier | ) | Docket No. 2015-02-0179 |
| | ) | |
| v. | ) | State File No. 42423-2015 |
| | ) | |
| Lowe's Home Centers, Inc., et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 2nd day of November, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| George Todd East | | | | | X | todd@toddeast.com<br>jennifer@toddeast.com |
| Jess Maples | | | | | X | jess.maples@leitnerfirm.com |
| Brian K. Addington, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov